72 F.3d 138
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ralph BAILEY, Defendant-Appellant.
 No. 94-5219.
 United States Court of Appeals, Tenth Circuit.
 Nov. 22, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 HENRY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Ralph E. Bailey appeals his jury conviction of two counts of attempting to interfere with the administration of internal revenue laws under 26 U.S.C. 7212(a). We affirm.
 
 BACKGROUND
 
 3
 Mr. Bailey was originally indicted, along with his wife, for two counts of "Obstruction of Justice by Interfering with the Administration of the Internal Revenue Laws" under 26 U.S.C. 7212(a), and for two counts of aiding and abetting in the commission of these crimes under 18 U.S.C. 2. The indictment alleged that Mr. Bailey had delayed the collection of his unpaid taxes by filing fraudulent liens against Internal Revenue Service employees involved in tax collection. Although the indictment against Mr. Bailey's wife was ultimately dismissed, his case went to trial, and he was found guilty by a jury of the two counts under 7212(a). Mr. Bailey now makes several arguments as to why his conviction should not stand. We discuss each separately below.
 
 DISCUSSION
 Aiding and Abetting Charges
 
 4
 In his motion for a judgment of acquittal in the district court, Mr. Bailey argued that the court erred by allowing the jury to consider the aiding and abetting charges in the indictment. Specifically, because the indictment against Mr. Bailey's wife was dismissed, the government dismissed the aiding and abetting charges against Mr. Bailey. The court thereafter directed that the indictment submitted to the jury be redacted to remove all references to the aiding and abetting charges. In his motion for a judgment of acquittal, however, Mr. Bailey maintained that the copy of the indictment submitted to the jury contained the aiding and abetting language.
 
 
 5
 In denying Mr. Bailey's motion for acquittal, the district court stated: "No jury instructions were given on the charge of aiding and abetting, and there was no reference to aiding and abetting in the copy of the indictment that the jury took to the deliberation room." Rec. vol. I, doc. 49, at 2. Additionally, the government has submitted a copy of the jury instructions and the redacted indictment in the record on appeal. We have thoroughly reviewed the instructions and the redacted indictment, and we do not find any references to the aiding and abetting charges. The district court accordingly did not err by denying Mr. Bailey's motion for a judgment of acquittal.
 
 Sufficiency of the Indictment
 
 6
 Mr. Bailey also argues that the indictment was not sufficiently specific so as to give him proper notice of the charges against him. 26 U.S.C. 7212(a) makes it a crime to "corruptly ... endeavor[ ] to intimidate or impede any officer or employee of the United States acting in an official capacity under this title, or [to] in any other way corruptly ... obstruct[ ] or impede[ ], or endeavor[ ] to obstruct or impede, the due administration of this title...." The indictment returned against Mr. Bailey read, in pertinent part:
 
 
 7
 On or about the 30th day of September, 1992, at Tulsa, Oklahoma, in the Northern District of Oklahoma, [the defendants] ... did corruptly endeavor to obstruct or impede the due administration of the Internal Revenue Laws of the United States, by the following means and methods:
 
 
 8
 ....
 
 
 9
 3. On or about September 30, 1992, in order to divert the time and attention of the [Internal Revenue] Employees from pursuing the collection of taxes as noted herein, the defendants illegally and unlawfully attempted to place liens in the amount of $350,000.00 on the property of each of the Employees, by filing or causing to be filed in the records of the Clerk of Tulsa County, Oklahoma, a document entitled "A SECURITY (15 USC) Claim of Commercial Lien and Affidavit." Said document falsely and fraudulently purported to seize the real and personal property of each of the Employees for payment of false and fictitious bond.
 
 
 10
 Rec. vol. I, doc. 1.
 
 
 11
 Mr. Bailey argues that the indictment was insufficient for two reasons: First, he argues that because the style of the indictment referred to the charged crime as "Obstruction of Justice by Interfering with the Administration of Internal Revenue Laws," Rec. vol. I, doc. 1, he was misled and was not sufficiently put on notice of the nature of the charged crime. In this regard, he points out that obstruction of justice is a separate crime under 18 U.S.C. 1501 et seq. We do not, however, agree that the use of this language in the style of the indictment was misleading. The indictment set forth the elements necessary to constitute an offense under 26 U.S.C. 7212(a) and stated Mr. Bailey's alleged acts with particularity. Mr. Bailey has also failed to allege how this purported error served to prejudice him. He therefore has failed to allege a ground for reversal of his conviction. See Fed.R.Crim.P. 7(c)(3) ("Error in the citation [of the charged crime] or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to the defendant's prejudice.").
 
 
 12
 Mr. Bailey also argues that the indictment was insufficient because the word "corrupt" was not contained in the indictment and it is an element of the offense. However, it is clear from a review of the indictment that Mr. Bailey is in error. The indictment clearly alleged that Mr. Bailey "did corruptly endeavor to obstruct or impede the due administration of the Internal Revenue Laws." Rec. vol. I, doc. 1 (emphasis added).
 
 Constitutionality of 26 U.S.C. 7212(a)
 
 13
 26 U.S.C. 7212(a) makes it an offense to "corruptly" obstruct or impede the administration of internal revenue laws. Mr. Bailey argues that this statute is unconstitutionally vague because it leaves the definition of "corruptly" open to conflicting interpretations.
 
 
 14
 "A penal statute is void for vagueness if it: (1) fails to define the criminal offense with sufficient definitiveness [so] that ordinary people can understand what conduct is prohibited,' or it (2) fails to establish minimal guidelines to govern law enforcement' so as to invite arbitrary and discriminatory enforcement." United States v. Easter, 981 F.2d 1549, 1557 (10th Cir.1992) (quoting Kolender v. Lawson, 461 U.S. 352, 357, 358 (1983)) (citation omitted) (alteration in original), cert. denied, 113 S.Ct. 2448 (1993).
 
 
 15
 This court has previously considered the meaning of the word "corruptly" in the context of the obstruction of justice statute, 18 U.S.C. 1503, which makes it illegal to "corruptly ... endeavor[ ] to influence, intimidate, or impede" a juror or an officer of the court. In United States v. Ogle, 613 F.2d 233, 238 (10th Cir.1979), cert. denied, 449 U.S. 825 (1980), we stated that "corruptly" "really means unlawful." Thus, in the context of the obstruction of justice statute, "an endeavor to influence a juror in the performance of his or her duty or to influence, obstruct or impede the due administration of justice is per se unlawful and is tantamount to doing the act corruptly." Id. Black's Law Dictionary defines "corruptly" as follows: "When used in a statute, this term, generally imports a wrongful design to acquire some pecuniary or other advantage." Black's Law Dictionary 345 (6th ed.1990). Additionally, the district court in this case instructed the jury that "[a] person acts corruptly' within the meaning of the law when he acts with the intention to secure an unlawful benefit for himself or for another person." Aplee. Supp.App. at 67.
 
 
 16
 The evidence at Mr. Bailey's trial was that he filed liens against IRS agents in response to a wage levy filed by the IRS. Mr. Bailey admitted that his purpose was to cause the IRS to cease its lawful tax collection duties. See Aplee. Supp.App. at 45. We believe an ordinary person would know that attempting to avoid payment of taxes is unlawful. Unlawful activities clearly fall within the meaning of "corrupt" acts under any plain construction of the term. The statute is therefore not unconstitutionally vague as applied in this case.
 
 Acceptance of Responsibility
 
 17
 Mr. Bailey contends that he was entitled to a reduction in his offense level under U.S.S.G. 3E1.1 for acceptance of responsibility. Whether a defendant has accepted responsibility so as to be entitled to this adjustment is a factual determination, and this court therefore reviews the decision of the district court only for clear error. United States v. Gacnik, 50 F.3d 848, 853 (10th Cir.1995); see also U.S.S.G. 3E1.1 comment. (n.5) ("The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of a sentencing judge is entitled to great deference on review.").
 
 
 18
 At Mr. Bailey's sentencing hearing, the district court stated its reason for denying Mr. Bailey's request for an adjustment under 3E1.1: "I don't think you're entitled to the [reduction] because you throughout have contested the authority and jurisdiction of the Internal Revenue Service of the United States to collect delinquent taxes particularly from you." Rec. vol. IV, at 11. Having thoroughly reviewed the record, we do not believe the district court's finding is clearly erroneous.
 
 CONCLUSION
 
 19
 The judgment of the district court is accordingly AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)